MAXWELL v. WANIK.

1. Damages—Evidence—Competency—Loss of Earnings.

In action for damages to person and property in which sole question for jury was amount of damages, record showing plaintiff was 47 years of age, was totally incapacitated for months, previously in good health and engaged in the teaming business at which he earned $6 a day, in spraying vineyards when he earned as high as $20 a day, removed snow from village sidewalks, and raised grapes on his own account, *held*, to contain competent testimony from which jury could pass upon his loss of earnings.

2. Same—Loss of Earnings.

When recovery is sought for loss of earnings the plaintiff must establish a reasonable probability that his injury did bring about a loss of earnings, must afford a basis for a reasonable estimate of the amount of that loss, and to this end must prove both the amount of time lost and its value, and may show what he was making at the time of, or before, the injury.

3. Same—Excessive Verdict—Loss of Earnings—Injuries to Person and Property.

Verdict of $2,000 to plaintiff *held*, not excessive where he sustained property damage, loss of earnings, serious personal injuries, suffered pain, was put to medical expense, and sustained injuries of a more or less permanent character.

Appeal from Van Buren; Warner (Glenn E.), J. Submitted June 14, 1939. (Docket No. 92, Calendar No. 40,604.) Decided September 5, 1939.

Case by Thomas Maxwell against John Wanik for damages for personal injuries sustained in a collision between a car and a wagon. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Earl L. Burhans,* for plaintiff.

*Lewis R. Williams,* for defendant.

North, J.   Defendant's automobile in passing plaintiff, who was proceeding along the highway with his team of horses and wagon, struck the wagon. The collision resulted in damage to plaintiff's person and to his property. The automobile was being driven by defendant's son with defendant's knowledge and consent. It is admitted in defendant's amended answer that the accident was caused by the negligence of the driver of the automobile and that plaintiff was free from contributory negligence. The only issue submitted to the jury was that of the amount of damages plaintiff was entitled to recover. By its verdict the jury fixed the damages in the amount of $2,000 and judgment was entered accordingly.   Defendant has appealed.

Appellant claims the testimony as to plaintiff's loss of earnings was "speculative in character" and the trial judge was in error in denying defendant's motion, made at the close of the proofs, to strike this testimony from the record.   The ruling of the trial judge was correct.   This accident totally incapacitated plaintiff for months.   Plaintiff was then 47 years of age.   Previously he had been in good health and engaged in the teaming business for a number of years.   When working with his team he earned $6 per day.   At times plaintiff was engaged in spraying the vineyards of grape growers, and he testified he could spray 15 to 20 acres per day for which he received $1 per acre.   In the colder portion of the year he removed snow from the sidewalks under a contract with the village of Lawton where plaintiff lived.   At the time of the accident he was also engaged in raising grapes on his own account.   Clearly

under such a record there was competent testimony from which the jury could pass upon the question of plaintiff's loss of earnings. We have no way of telling from this record how much or how little the jury awarded for this element of damage; but the record is ample to justify the trial court in having submitted the question to the jury. The rule seems to be:

"The plaintiff must establish a reasonable probability that his injury did bring about a loss of earnings, must afford a basis for a reasonable estimate of the amount of that loss, and to this end must prove both the amount of time lost and its value. He may show what he was making at the time of, or before, the injury." 15 Am. Jur. p. 500, § 90.

Appellant's contention that the amount of damages was excessive cannot be sustained. Besides plaintiff's property damage and his loss of earnings, he sustained serious personal injuries, suffered pain, was put to medical expense, and there is testimony from which the jury might have concluded plaintiff sustained injuries which were of a more or less permanent character. The finding of the jury as to the amount of damages was within the scope of the testimony and under this record is final.

No other controlling question is presented. Judgment is affirmed. Costs to appellee.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, and McALLISTER, JJ., concurred.